BOUTALL, Judge.
Jean McLaughlin White and her husband Douglas White sued Malcolm Falgoust, Malcolm Falgoust Real Estate Company, and the Aetna Casualty and Surety Company, the real estate corporation’s liability insurer, for physical injuries and for humiliation and embarrassment resulting from Falgoust’s evicting her physically from his place of business. The trial court denied recovery and the plaintiff has appealed. We affirm.
The eviction incident occurred on December 21,1977, when Mrs. White, an agent for Stan Weber Realtors, and Marilyn Cormier, another Stan Weber agent, went to the office of Malcolm Falgoust Real Estate Company to see Falgoust and re-submit an offer to purchase a house that his office listed. Falgoust had returned the same offer to Mrs. White the previous day, rejecting it over Mrs. White’s protest. Falgoust refused to accept the offer when Mrs. White re-submitted it and told the women to leave. When they did not leave immediately, Falgoust escorted them out physically. In separate actions, both women sued Falgoust and his insurer. Mrs. White al *1156 leged that cervical strain, an ulcer and traumatic neurosis were the direct result of Falgoust’s rough treatment.
A bifurcated trial was held, with Judge Thomas J. Malik ruling on the White suit and a jury on the Cormier case. Both parties in White vs. Falgoust adopted the testimony of lay witnesses in Cormier vs. Falgoust. The jury found for defendant Fal-goust in the Cormier matter. The court dismissed Mrs. White’s suit on the basis of Falgoust’s having proved “by an avalanche of evidence” that he did not injure the plaintiff.
Although other issues are raised by the appellant, the primary question before us is a factual one, whether or not Mrs. White was injured by Falgoust’s eviction. The testimony of witnesses for both parties is in agreement that a heated discussion occurred between the plaintiff and defendant, that Falgoust did tell Mrs. White and Mrs. Cormier to leave, and that he did put his hands on Mrs. White’s person to push her to the door. Mrs. White testified that Fal-goust grabbed her by the neck and that she struggled to make him release his grasp. Falgoust and his employees who were present, Mike Carotta and Sandra Vicknair, said that Falgoust had one hand on Mrs. White’s back, not on her neck, and the other on her arm. Although Falgoust admitted pushing White through the door, Mike Car-otta stated that Falgoust did not “throw” Mrs. White, but walked behind and pushed her. No one, including Mrs. White, saw Falgoust touch Mrs. Cormier.
Mrs. White complained of pain in her neck and of extreme nervousness immediately following the incident and the next day consulted Dr. Charles C. Wyckoff, an osteopathic physician, who treated her for muscle spasm that day and again in March, 1978. On January 12, 1978, the plaintiff consulted an internist, Dr. Richard E. Leach, who diagnosed and treated her for an ulcer. Also in January, 1978, she began a period of psychotherapy for a condition diagnosed by the psychiatrist, Dr. Richard M. Dawes, as traumatic neurosis and psy-chophysical gastrointestinal illness.
In his reasons for judgment, the court stated that the lack of favorable testimony from the plaintiff’s co-worker, Mrs. Cormier, damaged her case heavily. Mrs. Cormier testified that she went out the door ahead of the plaintiff and did not witness the incident at the point where Falgoust touched and pushed plaintiff. Hence, there was no support for the plaintiff’s allegations of being manhandled or injured by the defendant. The plaintiff’s treating physicians’ testimony was taken by deposition and apparently failed to convince the court that her complaints were proximately caused by the eviction. Having concluded that the judgment of the trial court should be affirmed, we need not address the issues raised by the appellant of whether the owner of a business has the right to use force to evict a business invitee and whether he is responsible for unintended damage caused by the use of force.
According to the standard of appellate review set forth in Canter v. Koehring Company, 283 So.2d 716 (La.1973) at page 724:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error ...”
We find no manifest error in the record, and as the trial judge was able to assess the credibility of live witnesses, there is no basis for our disturbing his conclusions.
AFFIRMED.